CHARLOTTE D. WILKINSON, APPELLANT, v. THEODORE
E. LYONS ET AL., RESPONDENTS.

Argued November 18, 1914—Decided March 1, 1915.

In ejectment the parties claimed title to adjoining lots under the
same grantor, the defendants claiming under the earlier deed;
the boundary line between the lots ran the same course and
distance in both deeds; from the end of this line in the rear
line of the lots, the defendants' line ran to a street a distance
which was three feet three inches longer than it would have
been if the corner was determined by the course and distance of
the boundary line; there was no monument at the disputed cor-
ner. *Held*, that the question was one of location upon the
ground, not one of construction of the deeds, and was properly
left to the jury.

On error.

Ejectment for a small gore of land. The titles of the
plaintiff and defendants are from the same grantor. The
conveyance under which defendants claim is the earlier. The
boundary line between the two lots runs the same course and
distance in both deeds. It runs from Midland avenue, Mont-
clair, to a point in the rear line of the lots, but no monument
is there given nor was any shown to have been there. From
that point, the defendants' rear line runs one hundred and
sixty-three feet three inches, to Walnut street. The defend-
ants claim that the disputed corner must be located at that
distance from Walnut street. The plaintiff claims that the
corner must be located where it would come if the course
and distance of the deeds were run from Midland avenue,
that is, one hundred and sixty feet from Walnut street. The
triangle with the base of three feet three inches, the differ-
ence between the two measurements to Walnut street, is the
land in dispute. The judge left it to the jury to say what
was in fact conveyed by the defendants' deed. The jury
found for the defendants.

For the plaintiff-appellant, *Robert M. Boyd, Jr.,* and *Francis Lafferty.*

For the defendants-respondents, *Munn & Church.*

The opinion of the court was delivered by

SWAYZE, J. The claim of the plaintiff that the plea does not amount to a denial of plaintiff's title is inadmissible.

The defendants defend for so much of the land claimed by plaintiff as is included in the description in the deed to defendants' ancestor. If that deed conveyed the disputed gore, the plea defends therefor. The issue presented, in substance, is whether that deed in fact conveyed the disputed gore. An examination of the deed does not suffice to solve the question. So far as the mere language of the two deeds is concerned, both descriptions might be correct. It is only when an attempt is made to locate, upon the ground, the tract conveyed that the inconsistency between the two lines appears. This presents a question of fact for a jury, not a question of the construction of the deed for the court. In *Platt* v. *Bente,* 49 N. J. L. 679, the judge sat both as judge and jury.

The evidence as to the acts of the parties was admissible. Whether or not it would go so far as to show a practical location was something the trial judge could not tell in advance. When he found it did not show a practical location, he took that question from the jury. The evidence was, however, admissible as tending to establish the actual lines of the property conveyed. *Opdyke* v. *Stephens,* 28 N. J. L. 83.

The questions as to the applications to the trust company for a loan and a guaranty were proper cross-examination in view of the testimony of the witness on his direct examination as to the survey made for that company.

The question as to the witness having seen a stake near the disputed corner was clearly proper, since it might be argued that it was a monument, and it at any rate helped to indicate the position that had been taken by the parties, especially in view of the claim that one of the defendants had agreed that the fence might be moved.

The question as to how many beans could be raised upon the disputed gore was admissible, since it bore, at least, upon the question of damages.

The other questions raised as to evidence seem to call for no remark. We find no harmful error in them. The fact that both sides requested the direction of a verdict did not make it necessary for the court to take the case from the jury when it was requested to submit certain questions specifically. *Empire State Cattle Co.* v. *Atchison Railway Co.,* 210 *U. S.* 1.

The judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.   16.

*For reversal*—None.